UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD J. WARNER,

    Plaintiff,

v.

HAMBURGH PRODUCTS, LLC,

    Defendant.

                                    /

Case No. 12-13290

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS [12]**

Plaintiff's First Amended Complaint alleges claims of copyright infringement, unfair competition, breach of contract, and/or unjust enrichment. This matter comes before the Court on Defendant's motion to dismiss for insufficient service of process, failure to join a required party, and failure to state a cause of action. For the reasons stated below, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. It is GRANTED IN PART as to Plaintiff's breach of contract claim, and DENIED as to all other claims.

**I. Facts**

**A. Procedural**

Plaintiff originally filed his complaint in this matter on July 26, 2012, and a summons was issued for Defendant Hamburgh Productions, LLC [ECF Nos. 1, 2].

On December 14, 2012, this Court issued an Order to Show Cause to Plaintiff requiring him to explain why this case should not be dismissed for failure to prosecute [ECF

No. 3]. Plaintiff responded, and on January 10, 2013, the Court granted the Plaintiff's request that he be given until January 18, 2013 to personally serve Defendant with his First Amended Complaint [ECF No. 9].

On January 14, 2013, Defendant accepted personal service of Plaintiff's summons and First Amended Complaint, but there were no attached exhibits. (Def.'s Mot., Ex. A, N. Selig Decl., ¶ 10.)

On January 24, 2013, Defendant filed a motion asking the Court to reconsider its January 10, 2013 Order granting Plaintiff's request to extend the date for service of process, arguing that the date for service should not have been extended. Defendant's motion for reconsideration was denied on January 28, 2013 [ECF No. 13].

On January 25, 2013, Plaintiff personally served Defendant once again. This time with the summons and the First Amended Complaint "with exhibits." (Pl.'s Resp., Ex. 1, Aff. of Service.)

**B. As Alleged in Plaintiff's First Amended Complaint**

Plaintiff Todd J. Warner is an internationally renowned artist and sculptor whose works have been displayed, exhibited, sold and distributed throughout the United States and Europe. Plaintiff's sculptures are original works of art characterized by their whimsical nature, have achieved wide celebrity, and are commissioned works as well as limited production works. (1st Am. Compl., ¶ 5.) Plaintiff promotes his work through various media including the internet. (*Id.* at ¶ 6.) Plaintiff, as the author and owner of original works, owns the copyrights in and to works covered by copyright registrations. (*Id.* at ¶ 7.) Beginning around June 14, 2002, Defendant Hamburgh Products, LLC, a New York limited liability company, and Plaintiff entered into a Marketing and Production Agreement, and Defendant

2

became an authorized seller and distributor of Plaintiff's sculptures. That Agreement expired on June 17, 2007. (*Id.* at ¶¶ 3, 8.)

Despite Defendant's knowledge that the Marketing and Production Agreement had expired, Defendant continued to offer for sale, to sell, and to distribute purported Todd J. Warner sculptures in both North America and Europe, continues to sell Warner sculptures through various media including the internet, and has adopted the domain name of www.toddwarner.org to trade on Plaintiff's celebrity. (*Id.* at ¶¶ 9-11.)

Defendant is wrongfully selling Plaintiff's copyrighted works without Plaintiff's authorization and has thus violated the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq. (*Id.* at ¶¶ 12-16.)

Defendant's offering for sale and actual sale of Plaintiff's copyrighted works is likely to cause confusion in the minds of the purchasing public by creating the impression that Defendant is authorized to sell Todd J. Warner sculptures. Defendant's adoption and use of Plaintiff's name in advertisement, including the www.toddwarner.org website is without Plaintiff's permission and is intended to trade on his fame in his name and his right of publicity and thus creates a false designation of origin leading the purchasing public to believe that Defendant's sales of Todd J. Warner sculptures are authorized by Plaintiff. Defendant's actions are willful and in derogation of Plaintiff's rights and thus constitute unfair competition and false advertising in violation of 15 U.S.C. §§ 1125(a). (*Id.* at ¶¶ 17-25.)

Plaintiff is the owner of the distinctive mark of Todd J. Warner, a mark that has become famous and is generally recognized by the consuming public as designating a source of high quality sculptures. Plaintiff has advertised and promoted his works

throughout the United States and internationally and distributes his works through authorized galleries in the United States. Plaintiff has thus developed a trademark in his own name. Defendant's continued, unauthorized use of the name Todd J. Warner, both in the United States and internationally, in connection with sculptures is likely to cause confusion in the minds of the purchasing public as to the source of high quality sculptures and has thus blurred Plaintiff's right in his own name. Defendant's continued use of the name Todd J. Warner in connection with the tortious sale of Plaintiff's copyrighted works harms the reputation of the name Todd J. Warner as it is associated with whimsical sculptures. Defendant's wrongful promotion of the name Todd J. Warner constitutes dilution by tarnishment and blurring of the Todd J. Warner name in violation of 15 U.S.C. § 1125(c).  (*Id.* at ¶¶ 35-46.)

In addition to the above federal copyright and unfair competition claims, Plaintiff alternatively alleges both a state law breach of contract claim and an unjust enrichment claim. Plaintiff's breach of contract claim alleges that the June 14, 2002 Marketing and Production Agreement with Defendant terminated on June 14, 2007. It alleges that Defendant continued to advertise, sell, and promote Plaintiff's copyrighted works after the Agreement was terminated. (*Id.* at ¶¶ 29-30.) Despite Plaintiff's allegation conceding that the Agreement was terminated on June 14, 2007, Plaintiff asserts that Defendant's continued advertisement, sale, and distribution of copies of his copyrighted works after that date constitutes a "direct breach of the Agreement." (*Id.* at ¶ 31.)

Plaintiff's alternative unjust enrichment claim similarly alleges that Defendant continued to sell Plaintiff's copyrighted works after the June 14, 2002 Agreement was terminated. In this count, however, Plaintiff alleges that Defendant's continued sale of

4

Plaintiff's copyrighted works after the Agreement terminated caused Defendant to be unjustly enriched in derogation of Plaintiff's rights. (*Id.* at ¶¶ 33-34.)

This matter is now before the Court on Defendant's motion to dismiss arguing that Plaintiff's complaint should be dismissed because (1) service of process on January 14, 2013 was insufficient because no exhibits were attached to the First Amended Complaint; (2) although not a named party to the June 14, 2002 Agreement, Plaintiff's ex-wife is a required party pursuant to Fed. R. Civ. P. 19; and (3) Plaintiff has failed to state a claim for relief.

## II.  Analysis

### A.  Insufficient Service of Process - Rule 12(b)(5)

Although Rule 12(b)(5) "permits a party to raise the defense of insufficiency of service of process in a motion to dismiss," the "court has discretion to either dismiss the action or quash service but retain the case for proper service later." *Rojek v. Catholic Charities, Inc.*, No. 08-14492, 2009 WL 3834013, *3 (E.D. Mich. Nov. 16, 2009) (Rosen, J.). This Court, like the Court in *Rojek* determined that, "[u]nder the circumstances presented here . . . a permissive extension [was] warranted." *Id.* at *6. (*See* 1/10/13 Order, ECF No. 9.) In its motion for reconsideration, Defendant argued that Plaintiff should not have been granted the extension because good cause was not shown for failure to timely serve process. This Court denied Defendant's motion for reconsideration. (*See* 1/28/13 Order, ECF No. 13.) To the extent Defendant's motion to dismiss is asking this Court to reconsider its motion for reconsideration, it is denied. (Def.'s Mot. at 4.) As the court observed in *Rojeck*, "[e]ven in the absence of good cause, it remains within the Court's discretion to grant an extension." *Id.* at *7. And, an exercise of discretion to grant an extension is proper when

doing so would not cause Defendant any prejudice "other than the inherent 'prejudice' in having to defend the suit," a significant extension of time was not required, and Defendant "had actual notice of the lawsuit." *Id.*

### B. Insufficient Process - Rule 12(b)(4)

It is undisputed that Defendant was personally served a copy of the summons and the First Amended Complaint on January 14, 2013, within the extended time period granted in the Court's January 10, 2013 Order. (*See* 1/10/13 Order, ECF No. 9; Def.'s Mot, Ex. A, N. Selig Decl., ¶ 10.) Defendant argues, however, that service was insufficient and Plaintiff's complaint must be dismissed because the exhibits referenced in the complaint were not personally served on January 14, 2013. Specifically, Defendant argues that when Fed. R. Civ. P. 4(c)(1), providing that "[a] summons must be served with a copy of the complaint," is read along with Fed. R. Civ. P. 10(c), providing that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," the word "complaint" in Rule 4(c)(1) must be read to include copies of all exhibits referenced in the complaint. (Def.'s Mot. at 3.) This Court rejects Defendant's argument as overly formalistic. First, it cites no decision supporting a dismissal under Rule 12(b) for failing to include copies of exhibits when serving a summons and complaint. Second, it is undisputed that Defendant was personally served with the exhibits on January 25, 2013. Third, a decision dismissing the lawsuit for ineffective service would, in all likelihood, result in needless expense and delay because Plaintiff would merely refile the action and serve Defendant again with the same documents it received on January 25, 2013. A dismissal makes no sense in light of Plaintiff's good faith effort to effect proper service of process by January 18, 2013, Plaintiff's substantial compliance with Rule(c)(1), and Defendant's

inability to show lack of notice or prejudice other than the inherent prejudice in having to defend this lawsuit. *See* 5B *Fed. Prac. & Proc. Civ.* § 1354 (3d ed) (citing cases). *See also Fields v. Norfolk and S. Ry. Co.*, ___ F. Supp. 2d ___, 2012 WL 6554103, * 4 (S.D. W. Va. Dec. 14, 2012) (observing that "the Fourth Circuit has recognized that noncompliance with Rule 4 does not mandate dismissal where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect."). Defendant's reliance on *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007), for a contrary result is misplaced. There, the Sixth Circuit merely observed that "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."

### B. Failure to Include Required Party - Fed. R. Civ. P. 19(a)

Defendant's motion to dismiss also argues that Plaintiff failed to join his ex-wife Linda Warner as a required party under Federal Rule of Civil Procedure 19 with respect to "at least" Plaintiff's breach of contract claim. Defendant concedes that, although Linda Warner is not a party to the Agreement that gives rise to Plaintiff's breach of contract claim, Plaintiff told Defendant that his ex-wife was entitled to 35% of the money owed to Plaintiff under that Agreement. Thus, Defendant argues, Plaintiff's failure to include his ex-wife Linda Warner subjects Defendant "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of [her] interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). Plaintiff responds that any obligation he may owe to his ex-wife is separate and distinct from any money Defendant may owe him under their Agreement. Thus, Plaintiff argues, there is no risk that Defendant will incur double, multiple or inconsistent obligations.

This Court agrees with Plaintiff that his ex-wife is not a required party under Rule 19(a). Because Plaintiff's ex-wife has no interest in his copyrighted works and is not a party to Plaintiff's contract with Defendant, Defendant is not at risk of incurring double, multiple or inconsistent obligations in connection with Plaintiff's copyright, unfair competition, unjust enrichment, or breach of contract claims.

### D. Failure to State A Claim For Relief - Rule 12(b)(6)

Finally, Defendant argues that, because Paragraph 7.2 of its Agreement with Plaintiff specifically allows for post-termination sales of Plaintiff's sculptures, Plaintiff has not stated a claim for relief for copyright infringement, unfair competition, unjust enrichment or breach of contract. This Court disagrees as to all but Plaintiff's breach of contract claim, and begins its analysis with the appropriate standard of review for a Rule 12(b)(6) motion.

#### 1. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements

of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotation marks and citation omitted).

### 2. Plaintiff States a Claim for Relief for All But Breach of Contract Claim

Plaintiff alleges that he owns copyrights in and to works covered by copyright registrations and is the owner of a distinctive mark in his name, Todd J. Warner; that despite the termination in 2007 of an earlier Agreement between the parties as to the sale and distribution of his copyrighted works, Defendant continues, without his authorization, to sell his copyrighted works and to use his name; and that Defendant's continued use of

his name and sale of his copyrighted works violates the Copyright Act, the Lanham Act, and constitutes unjust enrichment. Construing, as it must, the allegations in Plaintiff's complaint to be true, they are sufficient to state a claim for relief for a violation of the Copyright Act, the Lanham Act, and for unjust enrichment. The same cannot be said for Plaintiff's breach of contract claim.

Plaintiff's complaint alleges that the Agreement between Plaintiff and Defendant terminated in 2007. Although, as Defendant asserts in its Motion, Paragraph 7.2 of the Agreement allows for the post-termination sale of "all Artwork" produced prior to the termination of this Agreement ('Retained Artwork')" (Def.'s Mot. at 6), Plaintiff does not allege that Defendant breached the Agreement by its post-termination sale of more than Retained Artwork. His First Amended Complaint merely asserts the legal conclusion that Defendant breached the terminated Agreement. This is not enough. Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). At oral argument, however, Plaintiff's counsel informed the Court that, because Defendant had retained the molds for Plaintiff's Artwork, it was able to continue to sell other than Retained Artwork post-termination in breach of the parties' Agreement. In light of this argument, Plaintiff's breach of contract claim is dismissed without prejudice. The Court will permit Plaintiff to file an amended complaint alleging these newly asserted facts in support of his breach of contract claim. Plaintiff's amended complaint shall be filed within 30 days from the entry of this Opinion and Order.

**III. Conclusion**

For the above-stated reasons, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. It is GRANTED IN PART as to Plaintiff's breach of contract claim. That claim is DISMISSED WITHOUT PREJUDICE. The Court will permit Plaintiff to file an amended complaint alleging the newly asserted facts discussed at the May 8, 2013 hearing in support of his breach of contract claim. Plaintiff's amended complaint shall be filed within 30 days from the entry of this Opinion and Order.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 14, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 14, 2013, by electronic and/or ordinary mail.

s/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol Hemeyer